**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURA TORIELLO, | No. 14-16431 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00653-LDG-VCF |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted July 8, 2016[**]
San Francisco, California

Before: BERZON, and N.R. SMITH, Circuit Judges, and CHRISTENSEN,[***] Chief District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

Laura Toriello appeals the district court's decision affirming the Commissioner of Social Security's denial of Toriello's application for disability insurance benefits under Title II of the Social Security Act. The administrative law judge ("ALJ") determined at step four of the five-step evaluation process that Toriello was not disabled, because her residual functional capacity ("RFC") did not prevent her from performing her past relevant work. "We review the district court's order affirming the ALJ's denial of social security benefits de novo, and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citations omitted).

1.  The ALJ's determination that Toriello was capable of performing her past relevant work was supported by substantial evidence. The ALJ assessed Toriello's RFC as allowing her to perform "light work." Even if we were to conclude that the ALJ's interpretation of one of the medical records was questionable, the ALJ's conclusion that she could perform light work was still adequately supported. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Several medical evaluations indicate that Toriello (1) could lift and carry ten pounds frequently and could lift and carry twenty pounds occasionally, and (2) in an eight-hour workday, could stand or walk for six hours and could sit for six

2

hours. The record is consistent with the requirements necessary to perform light work. *See* SSR 83-10 (noting "a job is in this category when it requires a good deal of walking or standing"); 20 C.F.R. § 404.1567(b). Toriello previously engaged in light work.[1] The record contains no medical evidence that would compel us to reject the ALJ's RFC and find that Toriello cannot perform her past relevant work; at best, one of the medical evaluations does not provide enough information to tell whether the evaluator thought she could. Therefore, the ALJ's conclusion that Toriello could perform past light work was not an abuse of discretion.

2. The ALJ provided clear and convincing reasons for rejecting Toriello's symptom testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). The ALJ properly discounted Toriello's testimony regarding her disability and capacity to work, because her statements were inconsistent with her activities of daily living and the objective medical evidence. For example, the ALJ found Toriello's testimony that she was unable to stay on her feet for more than "half an

---

[1] Toriello argues that she cannot perform the duties of a waitress. However, Toriello previously engaged in light work in other employment areas. She challenges those other areas for the first time on appeal as employment that was not "substantial gainful activity." *See* 20 C.F.R. § 404.1574. Because Toriello did not raise this argument to the district court, it is waived. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

hour" and could not sit for more than fifteen minutes, along with her allegations in her function report that she had difficulty lifting, bending, standing, reaching, walking, sitting, remembering, and concentrating, to be inconsistent with her admission that she "dusted, occasionally walked her dogs, read, used the computer, and played games," as well as "performed personal care tasks, prepared meals, performed light chores, drove a car, shopped, handled money, . . . and socialized with friends." The ALJ also found these claims to be inconsistent with the objective medical evidence. Notably, neither Toriello's primary care physician nor her chiropractor indicated any issues with her ability to walk or stand, and Toriello's claims of walking difficulties conflicted with both medical examiners' findings, which included that she had a "normal gait," did not use assistive devices, and was able to walk and stand for at least six hours in an eight-hour day. Finally, despite Toriello's claims regarding the severity of her impairments, she received conservative treatment.

**AFFIRMED.**